## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James F. Loomis, being duly sworn, depose and state as follows:

### Affiant Background and Purpose of Application

1. I submit this affidavit in support of an application for a criminal complaint charging Angel Elias Estremera ("ESTREMERA") with violating Title 18, United States Code, Section 922(a)(6), on July 17, 2025 and July 30, 2025, by knowingly making a false written statement to a Federal Firearm Licensee (FFL) in connection with a firearm purchase and with violating Title 18, United States Code Section 922(n), on July 29, 2025 and August 11, 2025, by receiving a firearm which was shipped in interstate commerce while knowingly being under indictment or information for a crime punishable by imprisonment for a term exceeding one year.

2. I am a Task Force Agent (TFA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and I have been since September 2023. In my capacity as a TFA, I am familiar with the federal laws relating to the acquisition, possession, storage, and transfer of firearms as well as those relating to the possession, distribution, possession with the intent to distribute, and conspiracy to distribute controlled substances. I have been trained in the investigation of violations of those laws, and I have participated in many such investigations. I have applied for and/or participated in the execution of search warrants related to those investigations, including searches of residences, vehicles, and electronic devices. I have participated in all phases of investigations of those violations, including interviews with firearm purchasers who traded firearms for controlled substances and with users and distributors of controlled substances.

3. I am also a Border Patrol Agent Intelligence (BPA-I) with the United States Border Patrol (USBP), a component of the Department of Homeland Security (DHS). I have been employed as a Border Patrol Agent (BPA) since August 2011. I have been a BPA-I since May

1

2019. I am assigned to the USBP Swanton Sector, and my current duty station is Newport Station in Newport, Vermont. I have received formal training to identify and investigate alien, narcotics, and firearm smuggling activities both at the United States Border Patrol Academy, which I attended in Artesia, New Mexico, from August 2011 to January 2012, and through regular and recurring on-the-job training and course certifications.

4. The information contained within this affidavit is based upon my training and experience, my own investigative efforts, and investigation by other law enforcement officers with whom I have spoken or whose reports I have reviewed. The following is either known to me personally or has been related to me by persons having direct knowledge of the events described below. The information in this affidavit is meant to set forth probable cause to believe that Angel Elias ESTREMERA committed certain offenses; it does not necessarily include every fact known to law enforcement about the events described below. Unless otherwise specified, the statements described in the following paragraphs are related in sum and substance and are not meant to be direct quotations or complete descriptions.

## Probable Cause

5. On October 16, 2025, Wright's Sports Supply ("Wright's"), an FFL located in Newport, VT, contacted me to advise of two firearms transactions which were made by ESTREMERA in July 2025. Wright's informed me that although the firearms had been transferred to ESTREMERA in July and August 2025 they recently received a denial notice for the transactions from the National Instant Criminal Background Check System (NICS) on October 8, 2025. Wright's forwarded me the associated ATF Form 4473 (Firearms Transaction Record) for each of the purchases and a copy of the Vermont driver's license presented for identification during the transaction.

6. I later reviewed the ATF Form 4473 for each transaction and learned that on July 17, 2025, ESTREMERA filled out an ATF Form 4473 at Wright's to purchase a Glock model 43x 9-millimeter semi-automatic pistol (serial number CETW324). Question 21.c on the ATF Form 4473 asks the purchaser, "Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year, or are you a current member of the military who has been charged with violation(s) of the Uniform Code of Military Justice and whose charge(s) have been referred to a general court-martial?" ESTREMERA answered the question by checking the corresponding "No" box. ESTREMERA also signed box 22 certifying that his answers were true, correct, and complete and acknowledging his understanding that "a person who answers 'yes' to any of the questions 21.b. through 21.l. . . . is prohibited from receiving, possessing, or purchasing a firearm" as well as that providing a false oral or written statement is a federal crime punishable as a felony. Wright's indicated that no response was received by NICS for the transaction, so the firearm was transferred to ESTREMERA on July 29, 2025. While picking up the firearm on July 29, 2025, ESTREMERA signed box 30 re-certifying that all his answers on ATF Form 4473 remained true, correct, and complete.

7. On July 30, 2025, the day after picking up the Glock 43x, ESTREMERA returned to Wright's and filled out another ATF Form 4473. The second ATF Form 4473 indicates ESTREMERA purchased a Glock model G36 .45-caliber semi-automatic pistol (serial number: CLFM707). ESTREMERA again answered "No" to Question 21.c. by checking the corresponding box. ESTREMERA again signed box 22 certifying his responses were true, correct, and complete and acknowledging his understanding that "a person who answers 'yes' to any of the questions 21.b. through 21.l. . . . is prohibited from receiving, possessing, or

3

purchasing a firearm" as well as that providing a false oral or written statement is a federal crime punishable as a felony. Wright's indicated that there was again no response from NICS, and the firearm was transferred to ESTREMERA on August 11, 2025. ESTREMERA again signed box 30 on the ATF Form 4473 re-certifying that his answers remained true, correct, and complete.

8. Both ATF Form 4473s indicated that Wright's received a NICS denial notice on October 8, 2025, after the firearms were transferred to ESTREMERA.

9. I queried ATF databases to obtain more information regarding the NICS denials. I learned that NICS had issued the denial after confirming that ESTREMERA was under conditions of supervised release from the state of Connecticut, which had ordered ESTREMERA not to possess firearms or ammunition. I also learned that ESTREMERA had separate pending cases in Vermont and Connecticut where he had been charged with felony offenses.

10. I conducted criminal record checks on ESTREMERA and learned that on February 26, 2025, ESTREMERA was charged in Hartford, Connecticut by an information alleging that, on December 23, 2023, ESTREMERA committed Criminal Possession of a Pistol/Revolver (53a-217c), a Class C felony in Connecticut punishable by up to 10 years in prison. Records from the State of Connecticut Superior Court, Judicial District of Hartford, appeared to indicate that on February 26, 2025, ESTREMERA posted a bond and was released on conditions, including a condition that he is "[n]ot to possess firearms or ammunition." Based on my training and experience, I believe it is probable that individuals posting a bond after the filing of a charging document are familiar with what crime(s) they have been charged.

11. I also learned that on November 19, 2024, ESTREMERA was charged by information in Newport, VT with Grand Larceny > $900 (13 VSA 2501), a felony punishable by up to 10 years in prison. An affidavit in support of the information alleges that ESTREMERA

4

stole military-grade ballistic helmets while employed by Galvion in Newport, VT. According to the affidavit, the helmets were part of a military contract to the Israeli Defense Force (IDF) and ESTREMERA sold the helmets to a pawn shop in Connecticut. I have reviewed the information filed by the Orleans County State's Attorney and signed by Superior Court Judge Rory Thibault on November 19, 2024. I have reviewed state records from Orleans County Superior Court and learned that ESTREMERA was arraigned on the felony charge by Superior Court Judge Rory Thibeault on December 17, 2024. Records indicate ESTREMERA was present in person for the arraignment. ESTREMERA signed a Conditions of Release form from the court on that date. I have reviewed the signature and found it to be consistent with the signatures I have previously reviewed on the ATF Form 4473s.

12. On October 23, 2025, I visited the Orleans County Courthouse in Newport, VT and listened to the audio of ESTREMERA's arraignment on December 17, 2024. The following is a summary of my review of the audio: The judge asks ESTREMERA and his attorney if they are in receipt of the information and probable cause statement. The attorney states that they are and issues a plea of not guilty. The court then deliberates conditions of release and makes inquiries to ESTREMERA, and ESTREMERA can be heard answering some inquiries directly to the Judge.

13. On October 20 & 21, 2025, I conducted periodic surveillance of the address ESTREMERA provided on his Vermont driver's license and ATF Form 4473s on Caswell Avenue, Derby Line, VT. I saw no indication that ESTREMERA was still living there. On October 21, 2025, I received documents from the Vermont Department of Motor Vehicles (DMV) regarding vehicles associated to ESTREMERA. The documents showed that he recently purchased and registered a vehicle, a 2015 White Subaru Forester with Vermont license plates KRL 400, on October 14, 2025. While on most of the DMV forms ESTREMERA continues to

use the Caswell Avenue address, I discovered one location where he provided 53 Mountain View Drive,[1] Derby Line, VT as an address. On the mornings of October 22, 23, & 24, 2025, I conducted surveillance of 53 Mountain View Drive and observed the Subaru Forester with Vermont license plate KRL 400 in the driveway. I also learned through open-source information that 53 Mountain View Drive, Derby Line, VT had recently been sold on September 18, 2025. The purchaser is listed as A.R., who is believed to be the girlfriend or spouse of ESTREMERA. DHS databases show that ESTREMERA and A.R. attempted to cross the border into Canada via a Derby Line Port of Entry in 2024, however, ESTREMERA was denied entry by Canadian officials due to his criminal history.

14. In my experience, people who purchase and possess firearms often keep them for a considerable period of time and they may even be passed down from generation to generation. The most likely places for people to store their firearms when not in their direct possession are a vehicle or residence. Firearms are often found in locked containers, such as a vehicle glovebox or residential safe. In my experience, people often keep firearm related documents, ammunition, factory firearm boxes, and other firearm related accessories inside their residence. Given that ESTREMERA took possession of these two firearms less than three months ago, I believe they are likely to be found on his person, or a vehicle or residence associated to him. I believe other evidence such as invoices, receipts, or factory firearm boxes may also be discovered inside a residence or vehicle associated to ESTREMERA.

---

[1] I note there are inconsistencies about the spelling of "Mountain View Drive" among various documents and public records, including the use of "Mountainview" as a single word and the use of "ST" instead of "DR" at one time on an intersection street sign. For consistency, I will use "Mountain View Drive" in this affidavit and in the associated documents.

15. On October 22, 2025, I spoke to Special Agent (SA) Eric Brimo, an ATF designated expert in the interstate nexus of firearms. SA Brimo stated that Glock pistols have never been manufactured in the state of Vermont. Therefore, based on their presence in Vermont, such firearms have traveled in interstate or foreign commerce.

16. On the morning of October 27, 2025, ATF Task Force Officer (TFO) Colin Sykes and I conducted surveillance of 53 Mountain View Dr. (the SUBJECT PROPERTY) and witnessed both A.R. and ESTREMERA leave the residence at separate times. At approximately 8:15 a.m., ESTREMERA exited the SUBJECT PROPERTY and entered the white Subaru Forester with Vermont plate KRL 400 (the SUBJECT VEHICLE). ESTREMERA left the residence in the SUBJECT VEHICLE and traveled to Newport, VT to drop a child off at daycare. At approximately 9:00 a.m., I witnessed ESTREMERA parked in front of the Orleans County Superior Courthouse in the SUBJECT VEHICLE. At approximately 9:10 a.m. I observed ESTREMERA leave the SUBJECT VEHICLE and enter the Courthouse. According to the publicly available court calendar for the Orleans County Court, ESTREMERA was scheduled for a hearing associated with his November 2024 Grand Larceny charge at the Orleans County Courthouse at 9:15 a.m., on October 27, 2025.

**Conclusion and Requests**

17. Based on the foregoing, I submit there is probable cause to believe that on or about July 17 & 30, 2025, in the District of Vermont, Angel Elias Estremera violated 18 U.S.C. § 922(a)(6), by knowingly making a false written statement to an FFL in connection to firearms purchase, and violated 18 U.S.C. § 922(n), on July 29, 2025 & August 11, 2025, by receiving a firearm, which had traveled in interstate commerce, while knowingly being under information

7

for a felony punishable of a prison term exceeding one year. I also respectfully request the Court issue a Criminal Complaint charging him accordingly and a warrant for his arrest.

Dated at Burlington, in the District of Vermont, this 27th day of October 2025.

<u>Attested to by reliable electronic means</u>
James F. Loomis
Task Force Agent, ATF

Attested to by the complainant in accordance with the requirements of Fed. R. Crim. P. 4.1 by reliable electronic means, specifically, a video call, this 27th day of October 2025.

_____
Honorable Kevin J. Doyle
United States Magistrate Judge
District of Vermont